FRANCES HAMER JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33275, 37495. Promulgated December 16, 1953.

*Ben L. Herman, Esq.,* for the petitioner.
*George W. Calvert, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge:* There is no dispute between the parties on the basic facts involved in this proceeding. The parties disagree only on the ultimate conclusion to be drawn from the facts. The only question we have to decide is whether the written agreement of separation, dated December 8, 1941, was "incident to" the divorce of petitioner and her husband within the meaning of section 22 (k) of the Internal Revenue Code. Briefly, this section provides that periodic payments received by a divorced wife, subsequent to the decree of divorce in discharge of a legal obligation, arising from the marital or family relationship, imposed upon or incurred by the husband in a written instrument incident to the divorce, shall be included in the gross income of the wife and taxed accordingly to her.

The respondent argues that the separation agreement here involved was incident to the eventual divorce decree because: (1) It provided for the cessation of payments on the contingency of the petitioner's remarriage; and (2) the swift consummation of the divorce proceeding, and remarriage of the husband, after the end of the 2-year separation period which commenced with the signing of the agreement.

Against these arguments is the petitioner's testimony that divorce was not contemplated, at least not by her, at the time the agreement was signed. She had been married 22 years and hoped for an eventual reconciliation following the separation brought on by her husband's drinking. The witnesses at the signing of the agreement, among whom were petitioner's sister, testified that the matter of divorce or possible divorce was not mentioned or suggested by either spouse. The attorney who drafted the separation agreement testified that in his discussions with petitioner and her husband in connection with the drafting and execution of the agreement no mention of divorce was made or suggested by either of them. The petitioner contends that the purpose of the separation agreement was to protect her and provide for her during the period in which her husband hoped to give up his heavy drinking and rehabilitate himself.

The chief difficulty in cases of this kind is to determine from the facts whether the necessary connection or relationship exists between the agreement and the divorce. The connection is obvious when there is an express understanding or promise that one spouse is to sue promptly for a divorce after signing the settlement agreement, and the action is brought and followed through quickly. *Robert Wood Johnson*, 10 T. C. 647. The connection may also appear from something that is said in the pleadings before the divorce court, or from something said in the decree. *Bertram G. Zilmer*, 16 T. C. 365. Circumstances surrounding the separation may also indicate a relationship between the settlement agreement and the divorce. *George T.*

*Brady*, 10 T. C. 1192; *Charles Campbell*, 15 T. C. 355; *Estate of Daniel G. Reid*, 15 T. C. 573, affd. (C. A. 2) 193 F. 2d 625.

In this case we find no obvious connection between the separation agreement of December 1941, and the divorce of the parties in April 1944. Certain circumstantial deductions can be drawn from the terms of the agreement and from the fact that the husband instituted the divorce proceeding a short time after the expiration of the 2-year period of separation marked at the beginning by the signing of the agreement, and also from the fact that he remarried apparently a short time after the divorce was granted in April 1944. But these facts do not persuade us that the husband had definitely made up his mind to seek a divorce at the time the agreement was signed and we cannot find any facts or surrounding circumstances which indicate to us that either of the parties intended to sever the marriage relationship completely when they separated originally in December 1941.

We have evidence that the separation agreement was before the divorce court, informally at least. However, the decree of divorce made no mention of the terms of the agreement for the support and maintenance of the petitioner nor was alimony specified in the decree. Therefore, the monthly payments which her former spouse made cannot be taxed to petitioner under that provision of section 22 (k) which includes in the gross income of a divorced wife the periodic alimony which is received pursuant to a divorce decree.

Since we have concluded that there was no plan on the part of either spouse to break the marriage ties when the separation agreement was signed, we hold that the separation agreement was not incident to the divorce of petitioner from her former husband and that the monthly payments which she received under the separation agreement are not includible in her gross income.

*Decision will be entered for the petitioner.*